UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO NEWSOME, CDCR #E-58084,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>DAVID M. GILL, Superior Court Judge; MARK PETTINE, Deputy District Attorney; JUDGE JUDITH McCONNELL, Presiding Judge; CYNTHIA AARON, Associate Judge; JUDITH HALLER, Associate Judge; STEVEN STONE, Superior Court Judge<br><br>　　　　　　　　　　　Defendants. | Case No.: 18-CV-1938 JLS (JMA)<br><br>**ORDER: (1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS; (2) DISMISSING CIVIL ACTION FOR FAILING TO STATE A CLAIM AND FOR SEEKING DAMAGES FROM IMMUNE DEFENDANTS PURSUANT TO 28 U.S.C. § 1915(e)(2)(B) AND § 1915A(b); AND (3) DENYING AS MOOT MOTION FOR SERVICE**<br><br>(ECF Nos. 1, 2) |

Mario A. Newsome ("Plaintiff"), currently incarcerated at Centinela State Prison ("CEN") located in Imperial, California, and proceeding pro se, has initiated this civil rights action pursuant to 42 U.S.C. § 1983. (*See* "Compl.," ECF No. 1.) Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a) when he filed his Complaint; instead, he has filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a), (ECF No. 2).

/ / /

1

## I. Plaintiff's IFP Motion

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, —U.S.—, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed, *see* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1), (b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

In support of his IFP Motion, Plaintiff has submitted a copy of his CDCR Inmate Statement Report as well as a Prison Certificate completed by an accounting specialist at

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

CEN. (*See* ECF No. 4); 28 U.S.C. § 1915(a)(2); S.D. Cal. Civ. LR 3.2; *Andrews*, 398 F.3d at 1119. These statements show that Plaintiff had no available balance on the books at the time of filing. (*See* ECF No. 4 at 1, 3.) Based on this accounting, no initial partial filing fee is assessed. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee"); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered.").

Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 2), declines to exact any initial filing fee because his prison certificate indicates he has "no means to pay it," *Bruce*, 136 S. Ct. at 629, and directs the Secretary of the CDCR, or his designee, to instead collect the entire $350 balance of the filing fees required by 28 U.S.C. § 1914 and forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1). *See id.*

## II. Screening Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)

### A. *Standard of Review*

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *see also Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)").

Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

### B. Plaintiff's Allegations

Plaintiff claims that when he was sentenced in May 2001, San Diego Superior Court Judge David Gill and San Diego Deputy District Attorney Mark Pettine "imposed a $12,968.99 restitution fine" on Plaintiff "a full twelve years after the crime had occurred." (Compl. 4.) Plaintiff claims his sentence was "unauthorized and violated the State and Federal ex post facto prohibition laws." (*Id.*) Plaintiff also seeks to hold Appellate Court Justices McConnell, Aaron, and Haller" liable for affirming Plaintiff's criminal conviction and restitution fine. (*Id.* at 5.)

### C. 42 U.S.C. § 1983

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive

rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

### D. Criminal Proceedings—Heck*'s "Favorable Termination" Requirement*

There are two methods for state prisoners to raise complaints related to their imprisonment in federal court. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004) ("Federal law opens two main avenues to relief on complaints related to imprisonment . . . ." (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973))). In general, claims of constitutional violations related to the "circumstances" of a prisoner's confinement must be brought in a civil rights action under section 1983, *see id.*, while constitutional challenges to the validity or duration of a prisoner's confinement which seek either "immediate release from prison" or the "shortening of [a state prison] term" must be raised in a petition for federal habeas corpus under 28 U.S.C. § 2254 or through appropriate state relief. *Wilkinson v. Dotson*, 544 U.S. 74, 78–79 (2005) (citations and internal quotation marks omitted); *Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) (en banc) ("The Court has long held that habeas is the exclusive vehicle for claims brought by state prisoners that fall within the core of habeas, and such claims may not be brought in a § 1983 action.") (citing *Dotson*, 544 U.S. at 81–82), *cert. denied*, (Jan. 9, 2017) (No. 16-6556).

First, to the extent Plaintiff seeks damages and injunctive relief based on claims that judicial officers or prosecutors imposed an "unauthorized" sentence in violation of the Fourteenth Amendment, (*see* Compl. 4–5), he may not pursue those claims in a civil rights action pursuant to 42 U.S.C. § 1983, without first showing his conviction has already been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994).

In *Heck,* the Supreme Court held:

> in order to recover damages for allegedly unconstitutional

5

18-CV-1938 JLS (JMA)

> conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id.*; *Washington v. L.A. Cnty. Sheriff's Dep't*, 833 F.3d 1048, 1054–55 (9th Cir. 2016).

"Suits challenging the validity of the prisoner's continued incarceration lie within 'the heart of habeas corpus,' whereas 'a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, *but not to the fact or length of his custody*.'" *Ramirez v. Galaza*, 334 F.3d 850, 856 (9th Cir. 2003) (emphasis added) (quoting *Preiser*, 411 U.S. at 498–99 (holding that a writ of habeas corpus is "explicitly and historically designed" to provide a state prisoner with the "exclusive" means to "attack the validity of his confinement" in federal court)).

Because Plaintiff seeks damages based on an allegedly unlawful sentence and restitution fine imposed in San Diego Superior Court, he may not proceed pursuant to § 1983, unless that conviction and/or sentence has already been invalidated. *Heck*, 512 U.S. at 486–87; *Ramirez*, 334 F.3d at 855-56 ("Absent such a showing, '[e]ven a prisoner who has fully exhausted available state remedies has no cause of action under § 1983.'" (quoting *Heck*, 512 U.S. at 489)).

Thus, because Plaintiff does not claim to have already invalidated his sentence by way of direct appeal, executive order, or through the issuance of either a state or federal court writ of habeas corpus, *Heck*, 512 U.S. at 487, his current Complaint must be dismissed in its entirety for failing to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii) and § 1915A(b)(1).

/ / /

/ / /

### E. Judicial Immunity

Second, to the extent Plaintiff seeks damages against judicial officers for imposing and affirming an "unauthorized" sentence, (*see* Compl. 4–5), his claims are legally frivolous, for "[j]udges are absolutely immune from damage liability for acts performed in their official capacities." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc) ("A judge lacks immunity where [s]he acts in the clear absence of all jurisdiction, or performs an act that is not judicial in nature." (internal quotation marks and citations omitted)); *Pierson v. Ray*, 386 U.S. 547, 553–55 (1967); *Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001). The imposition of a criminal sentence is unquestionably an act performed in a judge's official capacity. *See, e.g.*, *Hawes v. Brown*, No. 17-CV-02400-WHO (PR), 2017 WL 2500905, at *2 (N.D. Cal. June 9, 2017); *Pattillo v. Lombardo*, No. 17-cv-1849-JAD-VCF, 2017 WL 3622778, at *3 (D. Nev. Aug. 23, 2017) ("[A] sentencing decision is at its core a judicial act for which [a] [j]udge . . . is entitled to absolute judicial immunity."); *see also Mainez v. Gore*, No. 3:17-CV-01359-JAH-JLB, 2017 WL 4005269, at *5 (S.D. Cal. Sept. 11, 2017) (finding § 1983 claims for monetary damages against Superior Court Judge subject to sua sponte dismissal as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(iii) & 1915A(b)).

### F. Prosecutorial Immunity

Third, to the extent Plaintiff claims Deputy District Attorney Mark Pettine is liable for monetary damages for playing a role in Plaintiff's alleged "unauthorized" sentence, (*see* Compl. 4), his Complaint must also be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(iii) & 1915A(b) because Pettine is entitled to absolute prosecutorial immunity. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 341 (2009) (state prosecutors are entitled to absolute prosecutorial immunity for acts taken in their official capacity); *Imbler v. Pachtman*, 424 U.S. 409, 427, 4302017 WL 362277831 (1976) (holding prosecutors absolutely immune from civil suits for damages under § 1983 for initiating criminal prosecutions and presenting cases); *Olsen v. Idaho State Bd. of Medicine*, 363 F.3d 916, 922 (9th Cir. 2004) ("Absolute immunity is generally accorded to judges and prosecutors

functioning in their official capacities"); *Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir. 1989) (finding claim against prosecutors with clear immunity legally frivolous within the meaning of section 1915).

Thus, for all these reasons, the Court finds Plaintiff's Complaint both fails to state a claim upon which § 1983 relief may be granted, and seeks monetary damages from defendants who are immune. Therefore, it must be **DISMISSED** sua sponte and in its entirety pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). *See Lopez*, 203 F.3d at 11262017 WL 362277827; *Wilhelm*, 680 F.3d at 1121; *Chavez v. Robinson*, 817 F.3d 1162, 1167 (9th Cir. 2016) (noting § 1915(e)(2)(b)(iii) requires sua sponte dismissal of complaints seeking "monetary relief against a defendant who is immune from such relief," and noting its "appli[cation] to absolute immunity").

### G. *Leave to Amend*

Finally, while the Court would typically grant Plaintiff leave to amend in light of his pro se status, it concludes that doing so under the circumstances would be futile. *See Lopez*, 203 F.3d at 1127; *Schmier v. U.S. Court of Appeals for the Ninth Circuit*, 279 F.3d 817, 824 (9th Cir. 2002) (recognizing "[f]utility of amendment" as a proper basis for dismissal without leave to amend).

Amendment is futile because even if Plaintiff could somehow allege facts to show Defendants violated his constitutional rights as the result of his "unauthorized" sentence (*see* Compl. 4), as well as facts to suggest that Defendants were *not* somehow absolutely immune, his claims for damages under § 1983 could still not yet proceed because his several past attempts at invalidating his conviction and/or sentence in by way of direct appeal, or through a writ of habeas corpus, have been unavailing. *Heck*, 512 U.S. at 486–87.

A court may take judicial notice of its own records, *see Molus v. Swan*, No. 3:05-cv-452–MMA-WMC, 2009 WL 160937, *2 (S.D. Cal. Jan. 22, 2009) (citing *United States v. Author Servs.*, 804 F.2d 1520, 1523 (9th Cir. 1986)); *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1034 (C.D. Cal. 2015), and "'may take notice of proceedings

in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

Here, the Court takes judicial notice of its own records in *Newsome v. California Superior Court of San Diego County*, No. 3:16-cv-01631-WQH-JMA, in which Plaintiff filed a writ of habeas corpus seeking to challenge the constitutional validity of his criminal conviction and sentence, as well as the restitution fine imposed in San Diego Superior Court pursuant to 28 U.S.C. § 2254, on various grounds. *See also Newsome v. Madden*, No. 3:17-cv-01347-WQH-JMA. A review of these matters demonstrates that Plaintiff's previous efforts to invalidate his criminal conviction and restitution fine by way of direct appeal, and via several state court petitions for habeas corpus, have all proven unsuccessful.

Therefore, because Plaintiff's state and federal collateral proceedings reveal he cannot amend his Complaint to allege the additional facts required to show either that the underlying conviction or sentence which forms the basis of his § 1983 claims in this case has already been invalidated, or that the judicial or prosecutorial defendants he seeks to sue for money damages are not absolutely immune, the Court denies leave to amend as futile. *See Lopez*, 203 F.3d at 1127; *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (noting that leave to amend is not required if it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citations omitted)).

## III. Conclusion and Orders

For the reasons discussed, the Court:

1) **GRANTS** Plaintiff's Motion to Proceed IFP, (ECF No. 2);

2) **DIRECTS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the

amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION;

3) **DIRECTS** the Clerk of the Court to serve a copy of this Order on Scott Kernan, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001;

4) **DISMISSES** Plaintiff's Complaint for failing to state a claim and for seeking damages from defendants who are absolutely immune pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b) without prejudice,[2] but without leave to amend;

5) **CERTIFIES** that an IFP appeal from this Order would be frivolous and therefore, would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous); and

6) **DIRECTS** the Clerk of Court to close the file.

**IT IS SO ORDERED**.

Dated: August 31, 2018

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge

---

[2] *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995) (court should dismiss claims barred by *Heck* without prejudice "so that [the plaintiff] may reassert his claims if he ever succeeds in invalidating his conviction."); *Briggs v. Enriquez*, No. CV 17-4615-FMO(E), 2017 WL 6210802, at *4 (C.D. Cal. Nov. 1, 2017), *report and recommendation adopted*, No. CV 17-4615-FMO(E), 2017 WL 6209818 (C.D. Cal. Dec. 7, 2017).