UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO A. NEWSOME,<br><br>Plaintiff,<br><br>vs.<br><br>DAVID M. GILL, MARK PETTINE; JUDGE JUDITH McCONNELL; CYNTHIA AARON; JUDITH HALLER; JUDGE STEVEN STONE,<br><br>Defendants. | Case No.: 3:18-cv-01938-JLS-JMA<br><br>**ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT**<br><br>(ECF Nos. 9, 11) |

Mario Newsome, ("Plaintiff") proceeding pro se and in forma pauperis ("IFP"), has filed a motion to alter or amend this Court's August 31, 2018 Order and Judgment dismissing this civil action for failing to state a claim upon which relief can be granted and for seeking money damages against immune defendants. (ECF Nos. 9, 11.)

## BACKGROUND

On August 20, 2018, Plaintiff, a state inmate currently incarcerated at Valley State Prison located in Chowchilla, California, filed a civil rights action pursuant to 28 U.S.C. § 1983. (ECF No. 1.) In addition, Plaintiff filed a request to proceed *in forma pauperis*

("IFP"). (ECF No. 2.) The Court granted Plaintiff IFP status and sua sponte dismissed his Complaint for failing to state a claim upon which relief could be granted and for seeking monetary damages against immune defendants pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. (ECF No. 5.) The Court denied Plaintiff leave to file an amended complaint finding that "doing so under the circumstances would be futile." (Aug. 31, 2018 Order, ECF No. 5, at 8; citing *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc)). Plaintiff has now filed a "Motion to Alter/Amend or Reconsider Entry of Judgment." (ECF No. 9, 11.)

**LEGAL STANDARD**

"A Rule 59(e) motion may be granted if '(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law.'" *Ybarra v. McDaniel*, 656 F.3d 984, 998 (9th Cir. 2011) (quoting *Zimmerman v. City of Oakland*, 255 F.3d 734, 737 (9th Cir. 2001)). This type of motion seeks "a substantive change of mind by the court," *Tripati v. Henman*, 845 F.2d 205, 206 n.1 (9th Cir. 1988) (quoting *Miller v. Transamerican Press, Inc.*, 709 F.2d 524, 526 (9th Cir. 1983)), and "is an extraordinary remedy which should be used sparingly." *McDowell v. Calderon*, 197 F.3d 1253, 1254 n.1 (9th Cir. 1999). Rule 59(e) may not be used to "'relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Stevo Design, Inc. v. SBR Mktg. Ltd.*, 919 F. Supp. 2d 1112, 1117 (D. Nev. 2013) (quoting 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2810.1 (2d ed. 1995)).

**ANALYSIS**

Plaintiff's Motion does not seek reconsideration based on newly discovered evidence or any intervening change in controlling law. *See Ybarra*, 656 F.3d at 998. Instead, Plaintiff appears to seek reconsideration on grounds that the Court "was wrong" when it dismissed his Complaint pursuant to 28 U.S.C. § 1915(e)(2). (Pl.'s Mot., ECF No. 9, at 2.)

First, Plaintiff argues that the Court's dismissal of his Complaint based on a finding that he failed to state a claim was in error. In the Court's August 31, 2018 Order, the Court found that Plaintiff was attempting to "seek damages and injunctive relief based on claims that judicial officers or prosecutors imposed an 'unauthorized sentence'" in violation of his Fourteenth Amendment rights. (Aug. 31, 2018 Order, ECF No. 5, at 5; citing *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)). Plaintiff claims in his Motion that he was "never in any way" challenging his "criminal sentence." (Pl.'s Mot., ECF No. 1, at 1.)

In his Complaint, Plaintiff alleged that the sentence imposed by Judge Gill in May of 2011 was "unauthorized and violated the State and Federal ex post facto prohibition laws." (Compl. at 4.) Plaintiff further claimed that Defendants engaged in a "miscarriage of justice" by imposing an "invalid sentence/fine." (*Id.* at 5.) Throughout his Complaint, Plaintiff challenged this portion of his criminal sentence. Therefore, these claims for money damages arising from the purportedly "invalid sentence" may not proceed pursuant to § 1983. Pursuant to the *Heck* bar, Plaintiff cannot proceed with these claims until he has shown that his conviction and/or sentence have already been invalidated. *See Heck*, 512 U.S. at 486-86. Plaintiff has not alleged that his sentence has been invalidated and thus, the Court properly dismissed these claims for failing to state a claim upon which relief may be granted.

Second, Plaintiff argues that because he has allegedly shown that Defendants, who are either San Diego Superior Court Judges or Justices for the California Court of Appeal, violated his constitutional rights by imposing and affirming a restitution fine, they are not entitled to judicial immunity. (Pl.'s Mot., ECF No. 9, at 3.) Plaintiff is incorrect. Judges are "absolutely immune from damage liability for acts performed in their official capacities." *Ashelman v. Pope,* 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc). Plaintiff's Motion does not point to any allegation or fact from which this Court could find that Defendants were acting outside their "official capacity" when they imposed and affirmed

///

///

the restitution fine. Plaintiff disagrees with these decisions but does not allege any plausible facts that any of the named Defendants were acting outside their judicial jurisdiction.

"A motion for reconsideration may not be used to get a second bite at the apple." *Campion v. Old Repub. Home Prot. Co., Inc.*, No. 09-CV-00748-JMA(NLS), 2011 WL 1935967, at *1 (S.D. Cal. May 20, 2011). The purpose of Rule 59(e) is not to "give an unhappy litigant one additional chance to sway the judge. [A]rguments and evidence [that] were previously carefully considered by the Court, [ ] do not provide a basis for amending the judgment," *Kilgore v. Colvin*, No. 2:12-CV-1792-CKD, 2013 WL 5425313 at *1 (E.D. Cal. Sept. 27, 2013) (internal quotations omitted), and "[m]ere doubt[] or disagreement about the wisdom of a prior decision" is insufficient to warrant granting a Rule 59(e) motion. *Campion*, 2011 WL 1935967 at *1 (quoting *Hopwood v. Texas*, 236 F.3d 256, 273 (5th Cir. 2000)). For a decision to be considered "clearly erroneous" it must be "more than just maybe or probably wrong; it must be dead wrong." *Id.* A "movant must demonstrate a 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Id.* (quoting *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000)); *see also Garcia v. Biter*, No. 1:13-CV-00599-LJO-SKO-PC, 2016 WL 3879251, at *2 (E.D. Cal. July 18, 2016).

Here, Plaintiff's Motion to Alter or Amend does not demonstrate that this Court disregarded, misapplied, or failed to recognize any controlling precedent when it dismissed his Complaint without further leave to amend. *Id.* Thus, because Plaintiff has failed to offer any valid basis upon which the Court might find its August 31, 2018 Order and Judgment of dismissal was erroneous or manifestly unjust, relief is not warranted under FED. R. CIV. P. 59(e).

///

///

///

///

4

3:18-cv-01938-JLS-JMA

# CONCLUSION

Based on the foregoing, the Court **DENIES** Plaintiff's Motion to Alter or Amend Judgment pursuant to FED. R. CIV. P. 59(e) (ECF Nos. 9, 11).

**IT IS SO ORDERED**.

Dated: November 6, 2018

Hon. Janis L. Sammartino
United States District Judge